# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    Plaintiff,

v.                                                         Civ. No. 22-604 GJF/KK

BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF BERNALILLO, *et al.*,

    Defendants.

## **ORDER**

    THIS MATTER is before the Court *sua sponte* on a review of the record. On July 18, 2022, Plaintiff filed a complaint in this matter in state court under the pseudonym "Jane Doe." (Doc. 1-2 at 1.) Defendants the Board of County Commissioners of the County of Bernalillo and the Bernalillo County Housing Department removed this action to federal court on August 15, 2022. (Doc. 1 at 1.)

    The Federal Rules of Civil Procedure do not contemplate adult parties proceeding anonymously. Rather, Rule 10 requires that the title of a complaint "name all the parties," and Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a)(1). "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). However, the Tenth Circuit has recognized that exceptional circumstances may warrant permitting a party to proceed anonymously such as in cases

> involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.

*Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

    Whether a plaintiff may proceed anonymously is subject to the trial court's discretion.

*M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998).  In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest" in access to legal proceedings.  *Id*. at 803; *see Femedeer*, 227 F.3d at 1246 ("[I]t is proper to weigh the public interest in determining whether some form of anonymity is warranted.").  "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).  Moreover, courts must be mindful that, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Femedeer*, 227 F.3d at 1246.

A party wishing to proceed anonymously or under a pseudonym must petition the district court for permission to do so.  *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).  If a party proceeds anonymously without permission, the court lacks personal jurisdiction over the unnamed party, "as a case has not been commenced with respect to them." *Id.* (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

IT IS THEREFORE ORDERED that by September 14, 2022, Plaintiff shall either file a motion to proceed anonymously or file an amended complaint that identifies her by name.

IT IS SO ORDERED.

                                          */s/ Kirtan Khalsa*
                                          KIRTAN KHALSA
                                          UNITED STATES MAGISTRATE JUDGE