UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ANTONISE CRUZ,

    Plaintiff,

v.                                                                          Civ. No. 22-604 GJF/KK

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO and
BERNALILLO COUNTY HOUSING
DEPARTMENT,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

THIS MATTER is before the Court on Plaintiff's Nunc Pro Tunc Motion to Proceed Under Pseudonym [ECF 6 at 32–36] (Motion).[1]  The Motion is fully briefed.  *See* ECFs 15 (Resp.), 25 (Reply).  For the reasons set forth below, the Court will **DENY** Plaintiff's Motion.

**I.  BACKGROUND**

Plaintiff "seeks permission from the court to proceed under pseudonym in order to avoid public disclosure of her intellectual disability."  Reply at 1; Mot. at 1–3.  She argues that she has an "overriding interest" in her "right to privacy concerning her mental disabilities."  *Id.* at 3; Reply at 1–5.  Thus, if the Motion is not granted, this privacy interest "will be prejudiced" in light of the "social stigma attached to mental disabilities."  Mot. at 4 (also suggesting that denying the Motion would have a "chilling effect on [her ADA and FHA] claims").  In addition, she asserts that her request to proceed under a pseudonym is "narrowly tailored" and proposes the least "restrictive means" to protect her privacy interest, as her request does not ask "that the entire case be sealed."

---

[1] The Motion, originally filed in state court, is found at ECF 6 (Plaintiff's Notice of Filing of State Record) at 32–36. The Court's citations to the Motion ("Mot.") refer to Plaintiff's own pagination at the bottom of the Motion (pp. 1–5) and not the automated pagination at the top (pp. 32–36).

*Id.* at 4–5.[2]

In response, Defendants contend that "[g]eneral disclosure of a mental or physical disability does not constitute [the requisite] exceptional circumstance" that would allow her to proceed under a pseudonym. Resp. at 1–4.[3] Defendants assert that such a disclosure "regarding the general nature of her alleged disability is the same disclosure that 'occurs in virtually all ADA and disability discrimination cases.'" *Id.* at 4 (quoting *Doe v. N.M. Bd. of Bar Examiners*, Civ. No. 21-709 GBW/SCY, 2021 U.S. Dist. LEXIS 222829, at *3 (D.N.M. Nov. 18, 2021)). And "[c]oncern about such generalized disclosure is not an exceptional circumstance that warrants anonymity." *Id.* at 3-4 (quoting *N.M. Board of Bar Examiners*, 2021 U.S. Dist. LEXIS 222829, at *3).[4]

## II.  APPLICABLE LEGAL STANDARDS

As the Court has previously noted, the Federal Rules of Civil Procedure do not contemplate adult parties proceeding anonymously.[5] Instead, Rule 10 requires that the title of a complaint "name all the parties," and Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a)(1). "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*

---

[2] *See also* Reply at 5 (Plaintiff stating that she is "willing to withdraw her request to proceed under pseudonym rather than create delay in the case or jeopardize her ability to secure injunctive relief" and that she "can swiftly file an unredacted version publicly if so ordered").

[3] *See also* Resp. at 4 (observing that "Plaintiff's Complaint alleges that 'Ms. Doe's disabilities result in a low range of working memory, cognitive functioning and processing speed, and as a result of her disabilities, it is difficult for her to follow instructions or complete tasks'" (quoting Compl. [ECF 1-2] at ¶ 23)).

[4] *See also* Resp. at 5 (recognizing that "discovery in this case may require the production of information that goes beyond generalized descriptions of Plaintiff's alleged disability" and representing that, "[i]n the event that any protected heath information is produced or otherwise obtained in this matter, [Defendants] will agree to a reasonable confidentiality order to ensure that Plaintiff's privacy interests are protected").

[5] *See* ECF 4 at 1–2 (ordering Plaintiff to "file a motion to proceed anonymously or file an amended complaint that identifies her by name" and noting the legal standard for proceeding anonymously).

*v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The Tenth Circuit has, however, "recognized that there may be *exceptional circumstances* warranting some form of anonymity in judicial proceedings:"

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those *exceptional cases* involving matters of a [1] highly sensitive and personal nature, [2] real danger of physical harm, or [3] where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Id.* (emphasis added) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the trial court's discretion. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). In exercising such discretion, the trial court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest" in access to legal proceedings. *Id.* at 803; *see Femedeer*, 227 F.3d at 1246 ("[I]t is proper to weigh the public interest in determining whether some form of anonymity is warranted."). "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) (unpublished). Moreover, courts must be mindful that, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Femedeer*, 227 F.3d at 1246.

### III. ANALYSIS

In weighing Plaintiff's "claimed right to privacy against the countervailing public interest," *Zavaras*, 139 F.3d at 802, the Court finds that "the need for anonymity" does not "outweigh[] the public interest in favor of openness." *Raiser*, 127 F. App'x at 411. Although Plaintiff may "suffer some embarrassment," *Femedeer*, 227 F.3d at 1246, in having the general nature of her intellectual disability associated with her name in this litigation, the Court finds that such concerns

3

are "not an exceptional circumstance that warrants anonymity." *N.M. Bd. of Bar Examiners*, 2021 U.S. Dist. LEXIS 222829, at *3 (observing that "[d]isclosure of the general nature of a plaintiff's disability occurs in virtually all ADA and disability discrimination cases"). In addition, the Court recounts the following observations, which also apply to the instant case:

> To be clear, the Court is not requiring Plaintiff to file medical records or other detailed medical information publicly. In her [C]omplaint[ ], Plaintiff only generally describes her alleged medical conditions. [*See* Compl. at ¶ 23.] As the case proceeds, Plaintiff is welcome to propose a protective order for specific documents and medical records she believes should remain protected[,] and the Court will address any such requests at that time. However, a disability-discrimination plaintiff's concern that the general nature of her alleged disability will be disclosed as part of her lawsuit does not override the strong presumption in favor of open proceedings and, therefore, does not serve as a basis to proceed anonymously.

*Id.* at *4. Consequently, Plaintiff "must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227 F.3d at 1246.[6]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's unredacted Complaint [ECF 8 at 3–19] shall

---

[6] *See Goico v. Kansas*, 773 Fed. App'x 1038, 1040 (10th Cir. 2019) (unpublished) ("agree[ing] with the district court that this [was] not an exceptional case that warrant[ed] anonymity" when the district court found, *inter alia*, that "Plaintiff's mental condition was not sufficiently embarrassing to warrant the extraordinary remedy of maintaining the action anonymously" (quotation marks omitted)); *Doe v. Regents of the Univ. of Colo.*, No. 22-cv-00423-RM-NRN, 2022 U.S. Dist. LEXIS 84404, at *15–16 (D. Colo. May 9, 2022) (concluding that "even if [the case] did arguably involve a matter of a 'highly sensitive and personal nature,' . . . the public interest in knowing . . . the identities of the parties far outweigh [sic] the claimed privacy interests"—given that the suit was "a matter of public concern [that was] being litigated in a public court, and the public ha[d] a strong interest in knowing how our court system is being used to resolve such a dispute [involving retaliation and discrimination at a public university] and who is involved in the case"); *Doe v. Regents of the Univ. of N.M.*, No. CV 98-725 SC/DJS, 1999 U.S. Dist. LEXIS 24663, at *3–4 (D.N.M. Mar. 10, 1999) (acknowledging that "any mental illness[ ] may carry with it the perception of a societal stigma" but finding that Plaintiff had "made no exceptional showing of the need for privacy"—and concluding that "despite the potentially embarrassing effect on the plaintiff, it is necessarily harder to outweigh the public interest in disclosure of the plaintiff's name" when (1) the plaintiff sought "damages for alleged violations of federal laws that protect persons with disabilities" (i.e., the ADA and Rehabilitation Act) and (2) the suit involved whether the plaintiff was treated unfavorably "because of her disability and the [defendant's] alleged failure to accommodate her, or for some . . . legitimate reason").

be unsealed and shall be the operative Complaint in this case.

**IT IS FINALLY ORDERED** that the caption of this case shall now include Plaintiff's name.

**SO ORDERED.**

                                                _____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*